IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN L. REDDEN,<br><br>Defendant. | Case No. 3:16-CR-30072-NJR-1 |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Before the Court is the Motion for Compassionate Release filed by Defendant Brian L. Redden. (Doc. 63). Redden asks the Court to release him pursuant to 18 U.S.C. § 3582(c)(1)(A) because he is the only available caregiver for his mother, who lives in St. Louis and suffers from various physical and mental health issues. (*Id.*). Redden also asserts that his rehabilitation warrants compassionate release. (*Id.*). The Government filed a response in opposition (Doc. 66), and Redden filed a reply (Doc. 67). After considering the parties' briefs and exhibits, the Court denies Redden's motion.

## BACKGROUND

On February 22, 2017, the undersigned sentenced Redden as a career offender to 151 months' imprisonment in the Bureau of Prisons after he pleaded guilty to one count of possession with intent to distribute cocaine. (Doc. 36). Redden's current release date is April 27, 2029.[1]

---

[1] *See* Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Apr. 15, 2025).

In his Motion for Compassionate Release, Redden states that his 70-year-old mother suffers from multiple chronic health conditions, including HIV, diabetes, hepatitis-C, hypertension, acid reflux, high cholesterol, dementia, anxiety, and severe depression. (Doc. 63 at p. 9). She also has chronic hip pain, arthritis, and a right rotator cuff tear, and she requires assistance when walking, using the restroom, getting dressed, moving in and out of her wheelchair, and getting in and out of bed. (*Id.*). Redden states that he has two brothers who live in Texas and one who lives in St. Louis. (*Id.* at p. 8). Redden's brother who lives in St. Louis recently started his own construction company and provides for his two daughters. Redden claims this leaves him as his mother's only possible caregiver. (*Id.*).

Redden also states that he has undergone rehabilitation, including completing an anger management course, maintaining employment as an orderly, and earning college credit through the cabinet making program. Redden additionally has earned 360 hours of vocational training and more than 30 certificates for a total of 561 hours of programming. (*Id.* at p. 11). Finally, Redden contends he is no longer a threat to the community and he already served a significant portion of his sentence. (*Id.* at pp. 14-15).

In response, the Government argues that—even if the need to care for an ill family member qualified as an extraordinary and compelling reason for release—Redden has offered nothing more than his own self-serving statements to establish that he is the only person available to care for his ailing mother. Additionally, a prisoner's rehabilitation, even in conjunction with certain other factors, is not an extraordinary and compelling reason for the prisoner to be released from custody.

DISCUSSION

Generally, a court cannot modify a sentence once it has been imposed. 18 U.S.C. § 3582(c). Compassionate release represents a narrow exception to this rule. *United States v. Glover*, No. 04 CR 940, 2024 WL 4753811, at *1 (N.D. Ill. Nov. 12, 2024). Under 18 U.S.C. § 3582(c)(1)(A), a court "may grant a motion for a reduced sentence if (1) 'extraordinary and compelling reasons warrant such a reduction,' (2) the reduction is 'consistent with applicable policy statements issued by the Sentencing Commission,' and (3) the reduction is appropriate in light of the [18 U.S.C. § 3553(a)] sentencing factors." *United States v. Black*, 715 F. Supp. 3d 1069, 1073 (N.D. Ill. 2024) (quoting *United States v. Williams*, 65 F.4th 343, 346 (7th Cir. 2023)). The defendant bears the burden of establishing extraordinary and compelling circumstances. *United States v. Barbee*, 25 F.4th 531, 532 (7th Cir. 2022).

In 2023, the U.S. Sentencing Commission amended a policy statement to provide that certain family circumstances of a defendant can constitute "extraordinary and compelling reasons" for compassionate release. U.S. Sentencing Guidelines § 1B1.13(b)(3). These circumstances include "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." *Id.*

Here, Redden has failed to prove that he is the only available caregiver for his mother. Redden acknowledges that he has a brother who lives and works in the area. While that brother has a construction company and his own children to care for, "the fact that it would be difficult for other family members" to take care of the relative "does not equate to unavailability." *United States v. Gross*, No. 1:17-CR-37-HAB, 2024 WL 4100325, at *3 (N.D. Ind. Sept. 5, 2024). Additionally, Redden reports that his mother has been in

the Crystal Creek Health and Rehabilitation Center, which provides 24-hour care. Although Redden asserts he would also care for his mother around the clock, his proposed release plan is to live at his brother's house (which is near his mother's home) and work for his brother's construction company. Thus, it is unclear just how many hours a day Redden would actually spend caring for his mother.

Moreover, Redden has not proved that his mother is "incapacitated" within the meaning of § 1B1.13(b)(3). Incapacitation typically means the individual is "completely disabled" and "cannot carry on any self-care" or "is totally confined to a bed or chair." *United States v. Gross*, No. 1:17-CR-37-HAB, 2024 WL 4100325, at *3 (N.D. Ind. Sept. 5, 2024). "Proving incapacity is a high bar." *Id.* Here, the medical records provided by Redden show that his mother is being examined by medical professionals while she is in the Crystal Creek Health and Rehabilitation Center and is being treated for her medical conditions. (Doc. 63-3). She also has 24-hour supervision in the facility, and she is undergoing occupational and physical therapy. (*Id.*). There is no evidence that she is completely disabled such that she is completely confined to a bed or chair.

The undersigned is certainly sympathetic to the desire to care for an aging and ailing parent, especially when the parent has been in a nursing home. But *many* prisoners have elderly and ill parents who could use their assistance. Redden's preference to care for his mother himself is not an extraordinary and compelling reason for his release. *See United States v. Ramirez*, No. 08-CR-746-15, 2023 WL 2078442, at *3 (N.D. Ill. Feb. 17, 2023); *see also United States v. White*, No. 198CR00038JMSMJD03, 2022 WL 17960721, at *5 (S.D. Ind. Dec. 27, 2022).

The Court further finds that Redden's rehabilitation is insufficient to constitute an extraordinary and compelling reason for compassionate release. While the Court certainly commends Redden for furthering his education and addressing his issues with anger and drug abuse, the Seventh Circuit Court of Appeals has held that rehabilitation "cannot serve as a stand-alone reason" for compassionate release. *United States v. Peoples*, 41 F.4th 837, 842 (7th Cir. 2022). And, although successful rehabilitation may be considered as a factor warranting a reduced sentence, the Court is not convinced that Redden's rehabilitation together with his desire to care for his mother constitutes an "extraordinary and compelling" reason for compassionate release.

## Conclusion

For these reasons, the Motion for Compassionate Release filed by Defendant Brian L. Redden (Doc. 63) is **DENIED**. Redden's Motion for Status (Doc. 68) is **DENIED as moot**.

**IT IS SO ORDERED.**

DATED:   April 16, 2025

                                                                                          _____
                                                                                          **NANCY J. ROSENSTENGEL**
                                                                                          **Chief U.S. District Judge**